■ In the Matter of ALFRED E. MOORE, Respondent, v ELAINE GRAVES, as Head Clerk of Auburn Correctional Facility, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.—Judgment unanimously affirmed, without costs. Memorandum: The State appeals from a judgment of the Supreme Court, Cayuga County, directing the Head Clerk of Auburn Correctional Facility to recompute petitioner's eligibility for parole consideration under section 212-a of the Correction Law. Petitioner was originally sentenced on April 28, 1948 to a term of 10 to 20 years upon a conviction for the crime of robbery in the first degree. On January 26, 1955 he was released on parole and on November 16 of that year he was declared delinquent as a result of a conviction for murder, first degree, which he committed while on parole. He received a life sentence for the murder conviction (later reduced to 20 years to life pursuant to subdivision 1 of section 212-a of the Correction Law, enacted in 1972). Petitioner was received at Ossining on November 30, 1956 and was credited with 361 days jail time. He was paroled on the first sentence on October 31, 1963 and then was credited as starting the new sentence of natural life under the 1956 murder conviction. In 1975 petitioner inquired of the head clerk as to when he would be scheduled to appear before the parole board and was advised that it would be October, 1982. He then instituted this article 78 proceeding, claiming that by virtue of the changes in the Correction Law (L 1972, chs 343, 344 [Correction Law, § 212-a]), his minimum sentence of 20 years for the 1956 conviction began to run in 1956, i.e., when he was received at the prison. The court below agreed and ordered the head clerk to recompute his eligibility for parole on the basis that his 20 year to life sentence commenced on November 30, 1956. The State claims that the 20-year minimum term did not commence to run until October 31, 1963, the date petitioner completed his first sentence. If petitioner is correct, he is eligible for parole on his murder conviction this year. If the State is correct, he will not be eligible until 1982. The provisions of section 212-a of the Correction Law should be applied without regard to the date of conviction. The Legislature's intention to provide equal treatment for inmates convicted of comparable crimes is stated in the memorandum accompanying the bill: "The bill seeks to make inmates serving sentences imposed under the old Penal Law (in existence prior to September 1, 1967) eligible for parole at a time more closely relatable to the point at which an inmate sentenced for the comparable crime under the new Penal Law would be eligible for parole" (NY Legis Ann, 1972, p 14). Under section 70.30 of the Penal Law, the minimum periods of imprisonment for a person convicted of crimes comparable to those of which petitioner was convicted under comparable circumstances, would merge and be satisfied by serving the period which has the longest unexpired time to run. Applying the statutes to the present case, petitioner's 20-year sentence for the murder conviction commenced to run in 1956 when he was received at a New York State Correctional Facility, and Special Term correctly ordered respondent to recompute petitioner's eligibility from that date. (Appeal from judgment of Cayuga Special Term sustaining article 78 proceeding.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.